FILED

2020 APR 14 PM 4: 54

**Attachment 2 - EEOC Complaint Form** ~~DISTRICT COURT~~
WESTERN DISTRICT OF TEXAS

BY _____

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### Del Rio _____ DIVISION

Eva Ann Escobar _____

_____

_____

(Name of plaintiff or plaintiffs)

Civil Action Number:

# DR 20 CV 0031

(Supplied
by Clerk's Office)

v. City of Del Rio

Mario Garcia HR Director

EsmeraldaEsmeralda Mera   Community Director

Matt Wojnowski city Manager

(Name of defendant or defendants)

## COMPLAINT

1. This action is brought by Eva Ann Escobar _____, Plaintiff,
pursuant to the following selected jurisdiction:

### (Please select the applicable jurisdiction)

[  ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)   Employment
Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment),
religion or national origin.

[X] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[  ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[  ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[  ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees
only).

2. Defendant City of Del Rio,   Esmeralda Meza   Mario Garcia
Matt Wojnowski   (Defendant's name) lives
at, or its business is located at   109
(street address),   W. Broadway   Del Rio   (city),   Del Rio
(state),   78840   (zip).   R.io

3a.     Plaintiff sought employment from the defendant or was employed by the defendant
        at  _1915 Veterans Blvd_____(street address),
        (city), _Del Rio_____ (state), _Texas 78840_____ (zip).

3b.     At all relevant times of claim of discrimination, Defendant employed _500_____
        (#) employees.   If defendant is a union, at all relevant times of claim of
        discrimination, Defendant had _____ (#) members.

4.      Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of
        this complaint on or about _April_____ (month) _8_ (day) _2019_
        (year).   If incidents of discrimination occurred more than one day, please indicate
        the beginning and ending dates of such acts: _4-3-2008 - 4-5-2019_

5.      Plaintiff filed charges against the defendant with the Equal Employment
        Opportunity Commission (E.E.O.C.) charging defendant with the acts of
        discrimination indicated in paragraph 7 of this complaint on or about _____
        (month) _January_ (day) _2, ~~2024~~ (year).   (Not applicable to federal
        _2020_
        civil service employees).

6a.     The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on
        (month) _January_ (day) _4, 2020_ (year).   (Not applicable to
        ADEA and EPA claims or federal civil service employees).

~~**VERY IMPORTANT NOTE:**~~            ~~**PLEASE ATTACH A COPY OF YOUR NOTICE OF**~~
                                        ~~**RIGHT TO SUE AND THE ENVELOPE IN WHICH**~~
                                        ~~**IT WAS RECEIVED TO THIS COMPLAINT.**~~

6b.     Please indicate below if the E.E.O.C issued a **Determination** in your case:

        [ ✓ ] Yes
        [   ] No

**VERY IMPORTANT NOTE:**                ~~IF YOU CHECKED "YES", PLE~~ASE ATTACH A
                                        COPY ~~OF THE~~ E.E.O.C.'S DETERMINATION TO
                                        THIS COMPLAINT

7.  Because of plaintiff's:

                    **(Please select the applicable allegation(s))**

        [   ]   Race (If applicable, state race) _Hispanic_____

        [   ]   Color (If applicable, state color) _Brown_____

[ ] Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)

[ ] Religion (If applicable, state religion) _____

[ ] National Origin (If applicable, state national origin) _____

[X] Age (If applicable, state date of birth) March 4, 1961 _____

[ ] Disability (If applicable, state disability) _____

[ ] Prior complaint of discrimination or opposition to acts of discrimination.
(Retaliation) (If applicable, explain events of retaliation) _____

The defendant:   **(please select all that apply)**

[ ] failed to employ plaintiff.

[X] terminated plaintiff's employment.

[ ] failed to promote plaintiff.

[ ] harassed plaintiff.

[ ] other (specify) _____

8a.     State **specifically** the circumstances under which defendant, its agent, or employees
discriminated against plaintiff **PERSONALLY:**

**VERY IMPORTANT NOTE:**     **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS,
AND ANY SPECIFIC COMMENTS MADE BY
DEFENDANT PERTAINING TO THE
DISCRIMINATION CLAIM ALLEGED ABOVE.**

On April 8, 2019, HR Interim Mario Garcia + Esmeralda Meza
Community Svc. Director came to my office around 4:30 pm
to terminate me. The proper chanmel was violated from

8b.     List any **witnesses** who would testify for plaintiff to support plaintiff's allegations
and the substance of their testimony:

_____

8c.     List **any documentation that would** support plaintiff's allegations and explain what
the documents will prove: TWC Documents ; Written
statement to the employer, EEOC documents.

9.      The above acts or omissions set forth in paragraphs 7 and 8 are:

[   ]   still being committed by defendant.
[X]   no longer being committed by defendant.

10.     Plaintiff should attach to this complaint a copy of the charge filed with the Equal
Employment Opportunity Commission.   This charge is submitted as a brief
statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ] Defendant be directed to employ plaintiff.

[   ] Defendant be directed to re-employ plaintiff.

[   ] Defendant be directed to promote plaintiff.

[   ] Defendant be directed to *Pre-Judgement and Post-Judgement interest at the highest lawful rate*
and that the Court grant such other relief as may be appropriate, including injunctive
orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of
perjury that the foregoing is true and correct.

*April 8, 2020*

Date _____
      *Sue Ann Escu*
Signature of Plaintiff

      *98 Summit Ave*
Address of Plaintiff

      *Del Rio, TX      78840*
City            State              Zip Code

Telephone Number(s)   *830-719-1878*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DEL RIO DIVISION

Eva Ann Escobar (pro se)
    **Plaintiff,**

v.                                    **CASE NUMBER:**

The City of Del Rio,
 Matt Wojnowski (City Manager),
 Mario Garcia (Human Resources Director),
**and**
Esmeralda Meza (Community Service Director)
                             **Defendants.**

## COMPLAINT

Charge of Age Discrimination in Violation of the United States Equal Employment Opportunity Commission and Texas Workforce Commission Civil Rights Division

1.      Eva Ann Escobar, Plaintiff
           98 Summit Ave
           Del Rio, Texas 78840
           evaescobar1901@gmail.com
           Phone: 830-719-1878

2.      Matt Wojnowski, Defendant
           City Manager
           109 W. Broadway Street
           Del Rio, Texas 78840

2a.  Mario García, Defendent
     Human Resources Director
     109 W. Broadway Street
     Del Rio, Texas 78840

2b.  Esmeralda Meza, Defendant
     Community Service Director
     109 W. Broadway Street
     Del Rio, Texas 78840

3.	This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue in this Court is proper under 28 U.S.C. §1391. The EEOC, which is located in San Antonio, Texas, has engaged in unlawful discriminatory conduct by The City of Del Rio to discriminate against age of employees. Thus, "a substantial part of the events or omissions giving rise to the claim occurred" within this jurisdiction.

3b.	On January 2, 2020 Eva Ann Escobar timely City of Del Rio for discrimination in employment. The EEOC found "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge" and, on January 9th, 2020 Dismissal and Notice of Rights signed and issued the Plaintiff Eva Ann Escobar received the Dismissal and Notice of on January 14th, 2020, to file a lawsuit against the City of Del Rio.


The Age of Discrimination Act, 42 U.S.C 200e-5(b) U.S.C. 211, 29 U.S.C. 626, 42 U.S. C. 12117 42 U.S.C. 2000ff-6
Prohibits employer from discriminating against individuals in regard to job applications procedures, and other terms and conditions, and privileges of employment 42 U. S. C. 12112.


Plaintiff was a fully qualified to be a Manager and could perform all essential functions of the position. Plaintiff had terminated her for Misconduct, in which the City of Del Rio is in violation
For such act of Misconduct which the Plaintiff did not commit. WHEREAS Plaintiff respectfully request that this Court enter a Judgement in favor of the Plaintiff and wards the following relief.
   a.	Declaratory relief, including but not limited to a declaration that Defendant City of Del Rio discriminates against individuals in violation of Age Discrimination.
   b.	Declaratory relief included but not limited to a declaration the Age of Discrimination Act bar the City of Del Rio individuals to standup for their Civil Rights when no violation was committed.
   c.	Appropriate injunctive relief includes but not limited all Benefits that the Plaintiff had before she was terminated.
   d.	Back Pay in an amount to be determined at trial
   e.	Compensatory and consequential damages, including for emotional distress against the City of Del Rio
   f.	Punitive Damages against the defendant City of Del Rio
   g.	Pre- Judgement and post judgement interest at the highest lawful rate
   h.	And cost of this action; and
   i.	Any such further relief as the Court deems appropriate.

Signature
Name: Eva Ann Escobar
 98 Summit Ave del Rio, Texas 78840
Telephone Number 830-719-1878

JUAL EMPLOYMENT OPPORTUNITY COMMISSION
NTONIO FIELD OFFICE
FREDERICKSBURG ROAD SUITE 200
NTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

TX 780

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78229
02 4W
0000361593 JAN 10 2020

$ 000.50°

Eva Escobar
98 Summit Ave
Del Rio, TX 78840

78840-767198

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Eva Escobar<br>98 Summit Ave<br>Del Rio, TX 78840 | From: | San Antonio Field Office<br>5410 Fredericksburg Rd<br>Suite 200<br>San Antonio, TX 78229 |
|---|---|---|---|

| | *On behalf of person(s) aggrieved whose identity is* |
|---|---|
| ☐ | *CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2020-00065 | Maribel Rosales, Investigator | (210) 640-7556 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*

**Travis G. Hicks, Director**

1/9/2020

*(Date Mailed)*

Enclosures(s)

cc:   **CITY OF DEL RIO**
**Mario Garcia**
**Human Resources Director**
**109 W. Broadway**
**Del Rio, TX 78840**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 451-2020-00065 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MS. EVA  ESCOBAR | (830) 719-1878 | 1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 98 SUMMIT AVE,  DEL RIO, TX 78840 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| CITY OF DEL RIO | 15 - 100 | (830) 774-8792 |

| Street Address | City, State and ZIP Code |
|---|---|
| 109 W. BROADWAY,  DEL RIO, TX 78840 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **04-08-2019**   Latest **04-08-2019**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(if additional paper is needed, attach extra sheet(s)):*

I began employment at the above listed Respondent in April 2008 as a Manager for the Convention Center.

On or about April 8, 2019, I was terminated by HR Interim Mario Garcia/50s, for misconduct because I allegedly cursed to Jessica Leyendecker/50s, Community Member. This is untrue.  According to the Respondent, they had video of me doing that on March 28, after we had a verbal confrontation when she began throwing things on the floor.  Nevertheless, when I applied for unemployment, Texas Workforce Commission (TWC) requested the video, however, they did not provide any. The Respondent also failed to show up for the hearing.  As a result, I was granted benefits.

After my termination, I was replaced by Lino Hernandez/late 40s

I believe Ms. Leyendecker had something against me after I made it clear that I was not going to favor anybody and that all customers had to pay the customary City fee.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Eva Escobar on 01-02-2020 03:51 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2020-00065 |

| TEXAS WORKFORCE COMMISSION CIVIL RIGHTS DIVISION | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Furthermore, the Respondent did not follow its own progressive discipline policy, and I was terminated on the spot, instead of receiving a verbal and/or written reprimand.

I believe I have been discriminated against because of my age in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Eva Escobar on 01-02-2020 03:51 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Appeal Tribunal
Texas Workforce Commission
101 East 15^(TH) Street, Room 410
Austin TX 78778-0001

EVA A ESCOBAR
98 SUMMIT AVE
DEL RIO TX  78840-7671

 

# Texas Workforce Commission
## Appeal Tribunal

### TWC Building
### Austin, Texas 78778

**06-11-2019**
Date Mailed

**CLAIMANT:**

EVA A. ESCOBAR
98 SUMMIT AVE
DEL RIO TX  78840-7671

| | |
|---|---|
| **Appeal No.** | 2404177-1-1 |
| **S.S. No.** | XXX-XX-0302 |
| **I. C. Date** | 04/07/2019 |
| **Appeal Filed By:** | Claimant |
| **Date Appeal Filed:** | 05/14/2019 |

**Notice:** The attached decision of the Appeal Tribunal will become final unless, within **FOURTEEN (14) DAYS** after the date mailed, further action is taken in accordance with the instructions contained in this decision. The last day on which you may file an appeal is **06-25-2019**. This date takes into account any official Texas State or Federal holiday which would extend the appeal time limit.

## Appearances:

| Date/Location | For Claimant | For Employer |
|---|---|---|
| 06/10/2019<br>Telephone | EVA ESCOBAR | NONE |

**EMPLOYER:**   PI: X___   NPI: ___   Account No. 99-992228-7

DEL RIO - CITY OF
HUMAN RESOURCES
109 W BROADWAY ST
DEL RIO TX  78840-5502



# Texas Workforce Commission
## Appeal Tribunal



## INSTRUCTIONS

IF YOU WISH TO REQUEST A REVIEW OF THIS CASE BY THE COMMISSION, YOU MAY FILE AN APPEAL BY WRITING DIRECTLY TO **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15ᵀᴴ STREET, AUSTIN, TX 78778**, FAXING TO **512-475-2044**, OR ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/uiappealemployer** (EMPLOYERS).   YOUR APPEAL MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR APPEAL:  THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.

IF YOU DID NOT APPEAR AND OFFER EVIDENCE AT THE HEARING BEFORE THE APPEAL TRIBUNAL, YOU MAY REQUEST A NEW HEARING IF YOU WISH TO CONTEST THIS DECISION AND IF YOU HAVE GOOD CAUSE FOR YOUR NONAPPEARANCE. YOU MAY FILE A REQUEST BY WRITING DIRECTLY TO **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15ᵀᴴ STREET, AUSTIN TX 78778**, FAXING TO **512-475-1135**, ONLINE AT **www.texasworkforce.org/uiappeal** (CLAIMANTS) OR **www.texasworkforce.org/ uiappealemployer** (EMPLOYERS), OR YOU MAY HAVE A FORM COMPLETED AT ANY LOCAL COMMISSION OFFICE.    YOUR REQUEST MUST GIVE THE REASONS WHY YOU WERE NOT ABLE TO APPEAR AND MUST BE WITHIN **FOURTEEN (14)** DAYS FROM THE DATE THIS DECISION WAS MAILED TO YOU.  PLEASE INCLUDE IN YOUR REQUEST:  THE CLAIMANT'S SOCIAL SECURITY NUMBER, THE APPEAL NUMBER, AND DATE DECISION MAILED.

IF THE **FOURTEENTH (14)** DAY FROM THE DECISION MAILING DATE FALLS ON A TEXAS STATE OR FEDERAL HOLIDAY, THE TIME LIMIT FOR FILING A REQUEST FOR A NEW HEARING OR AN APPEAL WILL BE EXTENDED THROUGH THE NEXT WORKING DAY.  ANY REQUEST FOR A NEW HEARING OR APPEAL MADE PRIOR TO THE DATE THIS DECISION WAS MAILED WILL NOT BE TREATED AS A PROPER AND TIMELY REQUEST FOR REHEARING OR APPEAL FROM THIS DECISION.

IF YOU FAX YOUR APPEAL OR PETITION TO REOPEN, TWC MUST RECEIVE IT NO LATER THAN 14 DAYS FROM THE DATE THE DECISION WAS MAILED.

IF YOU FILE YOUR APPEAL BY FAX, YOU SHOULD RETAIN YOUR FAX CONFIRMATION AS PROOF OF TRANSMISSION.

IF YOU FILE YOUR APPEAL ONLINE, YOU SHOULD RETAIN YOUR CONFIRMATION AS PROOF OF SUBMISSION.

TWC WILL USE THE DATE WE RECEIVE THE FAX OR THE DATE THE ONLINE APPEAL WAS SUBMITTED TO DETERMINE WHETHER YOUR APPEAL IS TIMELY.

## INSTRUCCIONES

EN CASO DE QUERER SOLICITAR A LA COMISION UNA REVISION DE LA PRESENTE CAUSA, SE PUEDE APELAR ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **COMMISSION APPEALS, TWC BUILDING RM 678, 101 E. 15ᵀᴴ STREET, AUSTIN, TX 78778** O MANDANDO POR FAX AL **512-475-2044** O EN LINEA EN **www.texasworkforce.org/uiappeal**.  LA APELACION DEBE INTERPONERSE DENTRO DE UN PLAZO DE **CATORCE (14)** DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION Y LA FECHA DE ENVIO DE LA RESOLUCION.

EN CASO DE NO HABER COMPARECIDO PARA OFRECER PRUEBAS EN LA AUDIENCIA ANTERIOR Y DE QUERER IMPUGNAR LA RESOLUCION, Y SI HA TENIDO UNA CAUSA JUSTIFICADA PARA NO COMPARECER, PUEDE SOLICITAR UNA NUEVA AUDIENCIA, ESCRIBIENDO DIRECTAMENTE A LA SIGUIENTE DIRECCION **APPEAL TRIBUNAL, TWC BUILDING RM 406, 101 E. 15ᵀᴴ STREET, AUSTIN, TX 78778**, MANDE POR FAX AL **512-475-1135**, EN LINEA A **www.texasworkforce.org/uiappeal** O LLENANDO EL FORMULARIO CORRESPONDIENTE EN CUALQUIER OFICINA LOCAL DE LA COMISION.  DICHA SOLICITUD, EN LA QUE HAY QUE INDICAR POR QUE MOTIVO(S) NO PUDO COMPARECER, DEBERA PRESENTARSE DENTRO DE UN PLAZO DE **CATORCE (14)** DIAS SUBSIGUIENTES A LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION.  SIRVASE INCLUIR EN SU APELACION EL NUMERO DE SEGURO SOCIAL DEL/DE LA RECLAMANTE, EL NUMERO DE LA APELACION, Y LA FECHA DE ENVIO DE LA DECISION.

EN CASO DE QUE EL DECIMOCUARTO (CATORCEAVO) DIA SUBSIGUIENTE A LA FECHA DE ENVIO DE LA RESOLUCION, CAIGA EN UN DIA OFICIALMENTE FERIADO EN EL ESTADO DE TEJAS O EN EL PAIS DE LOS ESTADOS UNIDOS, SE PRORROGARA EL PLAZO PARA APELAR O SOLICITAR NUEVA AUDIENCIA PARA INCLUIR EL PROXIMO DIA LABORABLE.  TODA SOLICITUD DE APELACION O DE NUEVA AUDIENCIA QUE SEA PRESENTADA ANTES DE LA FECHA DE ENVIO DE LA PRESENTE RESOLUCION, NO SERA CONSIDERADA COMO DEBIDA Y OPORTUNAMENTE PRESENTADA.

SE USTED VA A ENVIAR POR FAX SU APELACION O SOLICITUD DE REAPERTURA LA TWC DEBE RECIBIRLA A MAS TARDAR 14 DIAS POSTERIORS A LA FECHA EN QUE SE LE ENVIO LA DECISION POR CORREO.

SI PRESENTA LA APELACION POR FAX, GUARDE COPIA DE LA TRANSMISION FAX COMO PRUEBA DE HABERLO ENVIADO.

SI PRESENTA SU APELACION EN LINEA, DEBE GUARDAR SU CONFIRMACION COMO PRUEBA DE LA PRESENTACION.

LA TWC USARA LA FECHA EN QUE RECIBAMOS EL FAX O LA FECHA CUANDO SE PRESENTO LA APELACION EN LINEA PARA DETERMINAR SI SU APELACION ES OPORTUNA.

Revised 09/11/2013

TEXAS WORKFORCE COMMISSION  Appeal Tribunal Decision

Appeal No.:   2404177-1-1
Page No.:   2

**CASE HISTORY:** A determination dated May 1, 2019 disqualified the claimant under Section 207.044 of the Texas Unemployment Compensation Act (hereinafter called "the Act") because the claimant was discharged from the last work due to misconduct connected with the work. Under that determination, the no-payment period began April 7, 2019 and continues until the claimant returns to employment and either works for six weeks or earns wages at least equal to six times the claimant's weekly benefit amount. The claimant appealed.

The determination also ruled that the employer will not be billed.

**ISSUES:** The issues in this case include:

Whether the claimant separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without good work-connected cause.

Whether benefits paid to the claimant which are based on wages from this employer shall be billed to the employer.

**FINDINGS OF FACT:** Prior to filing an initial claim for unemployment benefits with the effective date of April 7, 2019, the claimant last worked from April 3, 2008 through April 8, 2019 as a manager for the named employer, a city government.

The employer fired the claimant after it came to believe that the claimant had used profanity during an argument with a committee member with whom the claimant was conducting government business.

Shortly before the claimant was discharged, the claimant received a complaint from a sponsor of an event the employer was planning to conduct about a committee member who was planning to participate in the event. The claimant confronted the committee member about the complaint, and an argument ensued. The claimant never used profanity during this discussion. Afterwards, the committee member complained, and the employer fired the claimant because it came to believe that the claimant had used profanity during this discussion.

**CONCLUSIONS:** Section 207.044 of the Act provides that an individual who was discharged for misconduct connected with the individual's last work is disqualified for benefits until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's benefit amount.

Section 201.012 of the Act defines "misconduct" to mean mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees, but does not include an act in response to an unconscionable act of an employer or superior.

The following decision has been adopted as a precedent by the Commission in Section **MC 190.10** of the Appeals Policy and Precedent Manual.

Appeal No. 2028-CA-77: The claimant, a registered nurse, was discharged because the employer believed, based on the complaints of patients and other employees, that she had mishandled medications and had misinstructed one of the new personnel in the handling of narcotics. The

claimant denied these allegations under oath and the employer presented no firsthand testimony in support of them. <u>HELD</u>: Since the claimant denied under oath the allegations of misconduct and since the employer presented only secondhand testimony, the employer did not carry its burden of proving that the claimant had been guilty of misconduct connected with the work.

The above-cited precedent stands for the principle that an employer bears the burden of proving that a discharge is for work-connected misconduct, as well as for the principle that where an employer does not present firsthand testimony as to the incident that triggered its decision to discharge the claimant, and the claimant presents firsthand testimony denying the employer's allegations as to that incident, the claimant's testimony is generally given more weight and the employer generally thereby fails to prove that the discharge was for work-connected misconduct.

In the present case, the weight of the evidence presented indicated that the employer fired the claimant because it believed that the claimant had used profanity during an argument with a committee member with whom the employer was doing business. However, the claimant denied under oath having used any profanity during that discussion, and the employer presented no testimony at the hearing. Therefore, the Appeal Tribunal concludes that the claimant did not use profanity during the discussion in question.

Although the claimant admitted to having argued with the committee member, the argument was in the context of asking the committee member about a sponsor's complaint about the committee member. The Appeal Tribunal concludes that the evidence presented does not establish that anything the claimant said during this argument rises to the level of work-connected misconduct.

For the foregoing reasons, under the above-cited precedent, the Appeal Tribunal concludes that the claimant was discharged for reasons other than work-connected misconduct. Therefore, the determination dated May 1, 2019, which disqualified the claimant for benefits beginning April 7, 2019 under Section 207.044 of the Act, will be reversed.

Section 205.013 of the Act provides that, at the end of each calendar quarter, the Texas Workforce Commission shall bill each reimbursing employer for an amount equal to the amount of the regular benefits plus one-half of the amount of the extended benefits paid during such quarter which are attributable to service in the employ of such employer, except that a state, a political subdivision of a state, or any instrumentality of any states or political subdivisions of a state, that is a reimbursing employer shall pay 100 percent of the extended benefits paid, and reimbursements shall be paid by the reimbursing employer to the Commission.

Section 205.013 of the Act further provides that if a reimbursing employer pays a reimbursement to the Commission for benefits paid to a claimant that are not in accordance with the final determination or decision under this subtitle, the employer is not entitled to a refund of, or credit for, the amount paid by the employer to the Commission unless the employer has complied with the requirements of Section 208.004 with respect to the claimant.

Section 205.0125 of the Act, effective for claims dated September 1, 2015 and later, provides that, notwithstanding any other provision of Chapter 205 of the Act, a reimbursing employer is not liable for paying a reimbursement for benefits paid to an individual, regardless of whether the employer was named as the individual's last work, if the individual's separation from work with the employer resulted from the individual being discharged for misconduct or voluntarily leaving work without good cause connected with the individual's work.

**TEXAS WORKFORCE COMMISSION**  Appeal Tribunal Decision

Appeal No.:  2404177-1-1
Page No:  4

Since the claimant's separation from the employer's employment was not a discharge for misconduct connected with the work or a voluntary separation without good cause connected with the work, the employer will be billed for benefits paid to the claimant based on wages from this employer.

**DECISION:** The determination dated May 1, 2019, which disqualified the claimant for benefits beginning April 7, 2019 under Section 207.044 of the Act, is reversed.

The employer will be billed.

R. KELLY
Hearing Officer

rdk

Case # 2404177
R. KELLY
06-10-2019 09:30 AM

Vea el otro lado de esta página para ver esta información en español.

If your hearing is scheduled as a telephone conference call hearing, online registration for your hearing will be available on the day of your hearing. If you want to register online rather than call in for your hearing, visit texasworkforce.org/hearing on the day of your hearing and follow the instructions on the web site. You will need the Case Number listed above. If your hearing is scheduled at an office location, participation by telephone may not be possible, please see the attached Notice of Hearing for more information.

When registering for your hearing, be sure to:

- Check the Case Hearing Details to make sure you are registering for the right hearing
- Enter a valid telephone number, including area code and any extension number, where you can be reached at the time of the hearing
- Enter on whose behalf you are appearing, usually Claimant or Employer
- Check the information you entered to make sure it is correct before you Submit your registration
- Write down the Confirmation Number you will receive when you Submit your registration
- After you write down the Confirmation Number, click Finish to complete your registration

To change any information before the hearing begins, go back to texasworkforce.org/hearing and follow the instructions to Update.

Important: To participate in your hearing, you must either register online or call in within the 30 minutes before the time your hearing is scheduled. If you have any problems registering online for your hearing, call 1-800-252-3749 and speak with a receptionist within the 30 before your hearing is scheduled to begin. See the cover page of this Notice of Hearing for more information.

225

EVA A ESCOBAR
98 SUMMIT AVE
DEL RIO TX 78840-7671

| | |
|---|---|
| **Claimant:**     SSN: XXX-XX-0302 | **Employer: PI    Account: 99-992228-7** |
| EVA A ESCOBAR | DEL RIO - CITY OF |
| 98 SUMMIT AVE | HUMAN RESOURCES |
| DEL RIO TX 78840-7671 | 109 W BROADWAY ST |
| | DEL RIO TX 78840-5502 |

Hearing Date:
**MONDAY, JUNE 10, 2019**

Register at **texasworkforce.org/hearing**
or by calling **1-800-252-3749** between
9:00 AM and 9:30 AM for your hearing.

Note:  If you live in or near El Paso, the
hearing time will be one hour earlier than
shown above.

Hearing Start Time:
**9:30 AM**
Central Daylight Time

Hearing Officer:
**R. KELLY**

### What You Must Do:

➤ **Send documents before the hearing.**  If any documents you feel are important to your case are not included in this hearing packet, immediately fax or mail copies of the documents to the **hearing officer and the other party**.  Documents should be received at least two working days prior to the scheduled hearing. Provide the Appeal number, the claimant's name, and the last four numbers of the claimant's Social Security number.

➤ **Register for your hearing.**  This hearing will be held by telephone conference call.  On the hearing date, **register online at texasworkforce.org/hearing or call (800) 252-3749 within the 30 minutes before the hearing start time.**  Give the operator the phone number where you can be reached for the hearing.  If you call from a pay phone, be sure it can receive incoming calls.

**Please review the hearing packet and have it available at the hearing.**

**The hearing may be your only chance to tell what happened, present your documents, and ask questions of the witnesses.**  If you do not register online at texasworkforce.org/hearing or call (800) 252-3749 within the 30 minutes before the hearing start time, you may not be allowed to participate in the hearing.  You will **not** have another opportunity to offer testimony unless you can establish good cause for why you did not call in as instructed.  Employers who are not parties of interest (indicated above as NPI) do not have the right to request a new hearing, nor to appeal.

Visit **texasworkforce.org/appeals** or **texasworkforce.org/appealsemployers** for more information on the appeal and hearing process.

| | |
|---|---|
| Appeal filed by: Claimant | R. KELLY, Hearing Officer |
| Appeal Date: 05/14/2019 | Texas Workforce Commission |
| Initial Claim Date: 04/07/2019 | 101 E.15th St.Rm.410 |
| Determination Date(s): 05/01/2019 | Austin,Tx 78778 |
| | Hearing Officer (512) 342-1067 |
| | Fax No. (512) 475-2150 |

Equal Opportunity Program

# Issues in Your Hearing
(Additional issues, if any, are continued on Page 4.)

- Whether the claimant was separated from the last work as a result of a discharge based on work-connected misconduct or a voluntary quit without work-connected good cause. If claimant's discharge occurred while absent from work due to illness, or if claimant resigned from work upon the advice of a physician, claimant should immediately mail or fax to the hearing officer and opposing party a physician's statement to medically verify claimant's physical condition. Testimony alone as to a physical condition may be insufficient.

- 

- Chargeability of benefits paid to claimant which are based on wages from this employer.

- 

- If employer is a reimbursing employer, benefits paid to claimant based on wages from this employer on claims dated prior to September 1, 2015, shall be billed to the employer; benefits paid to claimant on claims dated on and after September 1, 2015, may be billed to the employer based on claimant's separation from work.

- 

Equal Opportunity Program

**5 - A**

## Your Appeal Tribunal Hearing - Information and Instructions

**Hearing Packet Contents**

TWC mails a Notice of Hearing and copies of the information we have to all hearing participants. This packet should contain:

- The date that TWC notified the claimant's last employer that the claimant applied for unemployment benefits. (This information is included only if relevant to the claim.)
- Any protests to the claim.
- Any information that TWC received in response to the claimant's claim.
- Any fact finding statements that TWC took while investigating issue(s) on appeal.
- The appeal itself (either a letter or appeal form).

Have the packet with you when the hearing begins.

**Purpose of the hearing**

The hearing is a fact-finding process that uses a question-and-answer method. Each side may present testimony, witnesses, and documents relevant to its case. The hearing officer will conduct a fair hearing, determine what is relevant, and make sure the record is complete. After the hearing, the officer will prepare a written decision based on the evidence. That decision will be mailed to you.

**What happens at a hearing?**

Your Notice of Telephone Hearing lists what issues the hearing will cover. The hearing is recorded and all proceedings are taken under oath. After explaining the law and procedures, the hearing officer will ask questions of each side and its witnesses in turn. After all testimony is taken from one side, the same procedure is repeated for the other side. Wait your turn, as you may not interrupt while another person is testifying. The hearing officer will tell you when it's your turn to ask questions. Ask relevant questions that have not already been asked and answered. If you don't have any questions, let the hearing officer know.

**Evidence**

Written evidence or documents such as letters, timecards, or doctors' statements may help your case. Photos, maps, or charts may also help explain what happened. Be ready to tell who prepared the evidence and how it helps your case. Send legible copies of the documents to the hearing officer and the other side before the hearing, including the Appeal number from

the cover page of this Notice and the claimant's name and last four numbers of the claimant's social security number. Do this even if you believe the Texas Workforce Commission or the other side already has them. If you don't, the documents may not be considered as evidence. Include only documents that relate directly to issues listed on the hearing notice.

**Special Equipment**

If you need access to a telephone, fax machine, or speakerphone to present witness testimony or documents, TWC can set up the equipment at a Texas Workforce Center in your area. We will try to provide as much privacy for your hearing as possible. To request the equipment, please contact your local Texas Workforce Center as soon as you know the time and date for your hearing.

For a directory of TWC Workforce Centers, please visit: www.texasworkforce.org. Relay Texas customers may communicate with TWC at 1-800-735-2989 (TDD) or 1-800-735-2988 (Voice).

**Witnesses**

You may present witnesses to support your case. If you wish to present witnesses, they should have personal (i.e., firsthand) knowledge about the background, policies, incidents, or events regarding the issues listed in the hearing notice. For example, they either saw the incident, heard a supervisor or employee say something directly, or saw the paperwork connected to the event. Because firsthand witnesses may be beneficial to your case, contact your witnesses before the hearing and have them arrange their schedules so they can participate in the hearing. When the hearing begins, you must give the hearing officer your list of witnesses and their contact phone numbers. Have your witnesses remain available for the call until the hearing officer or you release them from the hearing.

**Sworn Statements**

A sworn written statement—called an affidavit—is sometimes used when a witness is unavailable to testify at the scheduled hearing time. An affidavit cannot be given as much weight as live witness testimony because the person who made the sworn statement is unavailable to answer questions. If an affidavit is used, it must be specific and must be sworn to before a notary public.

**6 - A**

**Do I need a lawyer?**
The unemployment appeal process is designed for claimants and employers who don't have attorneys. The hearing officer will help you develop the facts, present your documents, and question the other side. However, an attorney or another person may represent you at your own expense.

**Schedule Conflicts**
Hearing postponements are not ordinarily granted. However, if you have a justified conflict, notify the hearing officer as soon as possible before your hearing. If you don't, a later request to reopen your hearing may be denied.

**Interpreters**
The Appeal Tribunal will provide qualified interpreters. If you or any of your witnesses need an interpreter and you have not previously requested one, notify your hearing officer immediately.

**Failure to appear and requests to reopen**
If one side fails to participate in the hearing, the hearing officer may take testimony from those present and issue a decision based on that testimony. The side that failed to participate may request a reopening of the case, but must first establish good cause for the original nonappearance. If you want a hearing reopened, you must request it in writing no later than 14 days of the decision date.

**Faxing your appeal or petition to reopen**
If you fax your appeal or petition to reopen, TWC must receive it no later than 14 days from the date the decision was mailed. Keep your fax confirmation as proof of transmission. TWC will use the date we receive the fax to determine whether your appeal is timely.

**Time zones**
If you call from a time zone other than Central Standard Time/Central Daylight Time, be sure to properly calculate the time difference.

**Withdrawing an appeal**
Only the person who filed the appeal may withdraw it. If you wish to withdraw your appeal, please notify your hearing officer in writing or by telephone. The name, address, and phone number of the hearing officer are listed on the Notice of Telephone Hearing.

**Subpoenas**
A subpoena is a legal document issued by the hearing officer that orders an essential witness to testify or produce certain documents for the hearing. Before requesting a subpoena, ask the witness to voluntarily participate or furnish documents. If the witness refuses, call your hearing officer immediately. The subpoena process takes several days, so please allow plenty of time. The hearing officer determines if it is necessary to issue a subpoena.

**Decision**
The Appeal Tribunal will issue a written decision on your appeal. That decision will resolve each issue, but it will not review in detail all testimony or documents presented at the hearing. If you disagree with the decision, you have the right to file a further appeal. The decision will include instructions on how to file an appeal.

**Overpayment of benefits**
An adverse decision may result in an overpayment of benefits. In the event you are overpaid benefits, you will be required to repay those benefits to the Texas Workforce Commission. You will not be allowed to receive unemployment benefits until the overpayment has been repaid in full.

7 - A

## Selected Sections of the Texas Unemployment Compensation Act

One or more of the following sections of the Texas Unemployment Compensation Act may be involved in your case, depending on the issues on appeal. Other sections of the Act not listed here may also be involved. If so, the hearing officer will explain them before your hearing.

**Discharge for Misconduct.** Section 207.044 of the Act states an individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work. Disqualification under this section continues until the claimant has returned to employment and worked for six weeks or earned wages equal to six times the individual's weekly benefit amount.

**Definition of Misconduct.** Section 201.012 of the Act defines "misconduct" as the mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and safety of employees. The term "misconduct" does not include an act in response to an unconscionable act of an employer or superior.

**Voluntarily Leaving Work.** Section 207.045 of the Act states an individual who left the individual's last work voluntarily without good cause connected with the work is disqualified until the individual has returned to employment and worked for six weeks or earned wages equal to six times the individual's weekly benefit amount, unless the individual left work to move with a spouse from the area where the individual worked. In that case, the claimant shall be disqualified for not less than six nor more than twenty-five benefit periods following the filing of a valid claim, as determined by the commission according to the circumstances in each case.

No individual may be disqualified because the individual left work because of a medically verified illness of the claimant or claimant's minor child, injury, disability, or pregnancy if the individual is available for work. A medically verified illness of a minor child prevents disqualification under this section only if reasonable alternative care was not available to the child and the employer refused to allow the individual a reasonable

Military personnel who do not reenlist have not left work voluntarily without good cause connected with the work.

An individual who is *partially unemployed* and who resigns that employment to accept other employment that the individual believes will increase the individual's weekly wage is not disqualified for benefits under this section.

A temporary employee of a temporary help firm is considered to have left the employee's last work voluntarily without good cause connected with the work if the temporary employee does not contact the temporary help firm for reassignment on completion of an assignment. A temporary employee is not considered to have left work voluntarily without good cause connected with the work under this subsection unless the temporary employee has been advised: (1) that the temporary employee is obligated to contact the temporary help firm on completion of assignments; and (2) that unemployment benefits may be denied if the temporary employee fails to do so.

**Total and Partial Unemployment.** Section 201.091 of the Act states that an individual who last worked for a temporary help firm is not considered to be unemployed until three business days have passed since the date the individual's last assignment ended.

**Filing; Information Notices.** Section 208.001 of the Act states, in part, that claims for benefits shall be made in accordance with the rules adopted by the commission. Each employer shall post and maintain, in places accessible to employees, printed notices giving general information about filing a claim for unemployment benefits.

**Failure to Apply for, Accept, or Return to Work.** Section 207.047 of the Act states an individual is disqualified for benefits if during the individual's benefit year the individual failed, without good cause, to apply for available, suitable work when directed to do so by the commission, or to accept suitable work offered to the individual, or to return to the individual's customary self-employment (if any) when directed to do so by the commission.

Disqualification continues until the individual has

8 - A

**Benefit Eligibility Conditions.** Section 207.021 of the Act states an unemployed individual is eligible to receive benefits for a benefit period if the individual:

(1) Has registered for work at an employment office and has continued to report to the employment office as required by rules adopted by the commission;

(2) Has made claim for benefits;

(3) Is able to work;

(4) Is available for work;

(5) Is actively seeking work in accordance with rules adopted by the commission;

(6) For the individual's base period, has benefit wage credits: (A) in at least two calendar quarters; and (B) in an amount not less than 37 times the individual's benefit amount;

(7) After the beginning date of the individual's most recent prior benefit year, if applicable, earned wages in an amount equal to not less than six times the individual's benefit amount;

(8) Has been totally or partially unemployed for a period of at least seven consecutive days;

(9) Participates in reemployment services such as a job search assistance service, if the individual has been determined, according to a profiling system established by the commission, to be likely to exhaust eligibility for regular benefits and to need those services to obtain new employment, unless: (A) the individual has completed participation in such service; or (B) there is reasonable cause, as determined by the commission, for the individual's failure to participate in those services.

**Exclusions from Chargebacks.** Section 204.022 of the Act states that benefits paid to a claimant shall not be charged to an employer's account if the claimant's last separation from the employer's employment prior to the beginning date of the claimant's benefit year:

(1) Was required by a federal statute;

(2) Was required by a state statute or municipal ordinance;

(3) Would have disqualified the employee under Section 207.044, 207.045, or 207.053 if the employment had been the employee's last work;

(4) Imposes a disqualification under Section 207.044, 207.045, 207.051, or 207.053;

(5) Was caused by a medically verifiable illness of the employee or the employee's minor child;

(6) Was based on a natural disaster that results in a disaster declaration by the president of the United States under the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. Section 5121 et

that act (42 U.S.C. Section 5177) had the employee not received state unemployment compensation benefits;

(7) Was caused by a natural disaster, fire, flood, or explosion that causes employees to be separated from one employer's employment;

(8) Was based on a disaster that results in a disaster declaration by the governor under Section 418.014, Government Code;

(9) Resulted from the employee's resigning from partial employment to accept other employment that the employee reasonably believed would increase the employee's weekly wage;

(10) Was caused by the employer being called to active military service in any branch of the United States armed forces on or after January 1, 2003;

(11) Resulted from the employee leaving the employee's workplace to protect the employee from family violence or stalking or the employee or a member of the employee's immediate family from violence related to a sexual assault as evidenced by:  (A) an active or recently issued protective order documenting sexual assault of the employee or a member of the employee's immediate family or family violence against, or the stalking of, the employee or the potential for family violence against, or the stalking of, the employee; (B) a police record documenting sexual assault of the employee or a member of the employee's immediate family or family violence against, or the stalking of, the employee; (C) a physician's statement or other medical documentation that describes the sexual assault of the employee or a member of the employee's immediate family or family violence against the employee that (i) is recorded in any form or medium that identifies the employee or member of the employee's family, as applicable, as the patient; and (ii) relates to the history, diagnosis, treatment, or prognosis of the patient, or (D) written documentation from a family violence center or rape crisis center that describes the sexual assault of the employee or a member of the employee's immediate family or family violence against the employee;

(12) Resulted from a move from the area of the employee's employment that (A) was made with the employee's spouse who is a member of the armed forces of the United States; and (B) resulted from the spouse's permanent change of station longer than 120 days or a tour of duty longer than one year;

(13) Was caused by the employee being unable to perform the work as a result of a disability for which the employee is receiving disability insurance benefits under 42 U.S.C. Section 423;

**9 - A**

medical documentation, but only if no reasonable, alternative care was available;

(15) Was caused by the employer's reinstatement of a qualified uniformed service member with reemployment rights and benefits and other employment benefits in accordance with the Uniformed Services Employment and Reemployment Rights Act of 1994 (38 U.S.C. Section 4301 et seq.); or

(16) Was due to a reason that (A) constitutes an involuntary separation under Section 207.046(a)(1); and (B) does not constitute good cause connected with the employee's work under Section 207.045 for the employee to voluntarily leave employment.

(a-1) Benefits computed on benefit wage credits of an employee or former employee may not be charged to the account of an employer if: (1) the employment did not constitute suitable work for the employee, as determined under Section 207.008; and (2) the employee worked for the employer less than four weeks.

(a-2) Benefits computed on benefit wage credits of an employee may not be charged to the account of an employer if the employee continued to work the employee's customary hours for the employer when the employee's benefit year began. This subsection does not apply to a claim for unemployment benefits made under Chapter 215.

(b) For the purposes of this section, if an employee's last separation from the employment of the employer is a separation for which the employee was determined to have been disqualified under Section 207.048, the employee's last separation from the employment of that employer is considered to be the next later separation from the employment of that employer.

(c) Except as provided by law, evidence regarding an employee described by Subsection (a)(11) may not be disclosed by a person without consent of the employee.

(d) For purposes of Subsection (a)(11): (1) "Family violence" has the meaning assigned by Section 71.004, Family Code. (2) "Stalking" means conduct described by Section 42.072, Penal Code. (3) "Immediate family" means an individual's parent, spouse, or child under the age of 18. (4) "Sexual assault" means conduct described by Section 22.011 or 22.021, Penal Code. (5) "Family violence center" has the meaning assigned by Section 51.002, Human Resources Code.

(e) Benefits may not be charged to the account of an employer, regardless of whether the liability for the chargeback arises in the employee's current benefit year or in a subsequent benefit year, if the employee's last separation from the employer's employment before the employee's benefit year was or would have been

(f) Shared work benefits paid under Chapter 215 may not be charged to the account of an employer if the benefits are reimbursed by the federal government under the federal Layoff Prevention Act of 2012 (Pub. L. No. 112-96, Subtitle D, Title II).

**Protest of Potential Chargebacks.** Section 204.024 requires that to protest a potential chargeback, an employer to whom notice is mailed under Section 204.023 must mail to the commission at Austin a protest not later than the 30th day after the date the notice was mailed or the right to protest the chargeback is waived. The protest must include a statement of the facts supporting the grounds of the protest.

**Determination Final; Appeal.** Section 212.053 of the Act states, in part, an examiner's determination is final for all purposes unless the claimant or the person or branch for which the claimant last worked, and to whom a copy of the determination is mailed files an appeal from the determination not later than the 14th calendar day after the date the on which the copy of the determination is mailed to the last known address of the claimant, person, or branch as shown by commission records.

**Fraud and Penalty.** Section 214.003 requires that if, by willful nondisclosure or misrepresentation of a material fact, whether the nondisclosure or misrepresentation is made by the person or for the person by another, a person receives a benefit when a condition imposed by this subtitle for the person's qualifying for the benefit is not fulfilled or the person is disqualified from receiving the benefit, the person forfeits the benefit received; and rights to benefits that remain in the benefit year in which the nondisclosure or misrepresentation occurred; and the commission shall require the person to pay a penalty in an amount equal to 15 percent of the amount of forfeited benefits. The forfeiture, cancellation, or penalty imposed under this section is effective only after the person has been afforded the opportunity for a fair hearing before the commission or its duly designated representative.

**Overpayment Liability.** Section 214.002 provides that a person who has received an improper benefit is liable for the amount of the improper benefit. The commission may recover an improper benefit by deducting the amount of an improper benefit from any future benefits payable to the person, or collecting the amount of an improper benefit for the compensation fund.

10 - A

"Improper benefit" means the benefit obtained by a person because of the nondisclosure or misrepresentation by the person or by another of a material fact, without regard to whether the nondisclosure or misrepresentation was known or fraudulent; and while any condition for the person's qualifying was not fulfilled in the person's case; or the person was disqualified from receiving benefits.

**Initial Claim, Last Work.**  Section 208.002 provides that the commission shall mail a notice of the filing of an initial claim for benefits to the person for whom the claimant last worked before the effective date of the initial claim.  If the person for whom the claimant last worked has more than one branch or division operating at different locations, the commission shall mail the notice to the branch or division at which the claimant last worked. Mailing of a notice under this section to the correct address of the person, branch, or division for which the claimant last worked is notice of the claim to the person.

**Adverse Facts Affecting Claim; Waiver.**
Section 208.004 requires that a person to whom notice is mailed under Section 208.002 shall notify the commission promptly of any facts known to the person that may adversely affect the claimant's right to benefits or affect a charge to the person's account.  That notice must include sufficient factual information to allow the commission to make a determination regarding the claimant's entitlement to unemployment benefits.  A person who does not mail or otherwise deliver notification to the commission within 14 days after the date notice of a claim was mailed to the person by the commission waives all rights in connection with the claim other than rights relating to a clerical or machine error as to the amount of the person's chargeback or maximum potential chargeback in connection with the claim for benefits.

Benefits paid to a claimant that are not in accordance with the final determination or decision under this subtitle shall be charged to the account of a person if (1) the person, or the person's agent, without good cause, fails to provide adequate or timely notification under this section; and (2) the commission determines that the person, or the person's agent, has failed to provide timely or adequate notification under this section on at least two prior occasions.  Notification is not adequate if it merely alleges that a claimant is not entitled to benefits without providing sufficient factual information, other than a general statement of the law, to support the allegation.  Good cause is established only by showing that a person, or the person's agent, was prevented from complying with this section due to compelling circumstances that were beyond the person's control.

**Exception from Duty to Pay Reimbursement.**
Section 205.0125 of the Act provides in part that (a) notwithstanding any other provision of this chapter, a reimbursing employer is not liable for paying a reimbursement for benefits paid to an individual, regardless of whether the employer was named as the individual's last work, if the individual's separation from work with the employer resulted from the individual (1) being discharged for misconduct; or (2) voluntarily leaving work without good cause connected with the individual's work.  (b) A reimbursing employer may contest reimbursements billed to the employer by the commission in violation of this section using the dispute resolution procedures prescribed by Chapter 212 and rules adopted under that chapter.  This law applies only to claims for unemployment benefits filed on or after September 1, 2015.  A claim filed prior to September 1, 2015, is governed by the law in effect on the date that claim was filed.

**11 - A**

## Benefits – Non-Monetary Determinations
### Fact Finding

SSN: **XXX-XX-0302**        **EVA A ESCOBAR**              Case Nbr: **4**
Issue Nbr: **1**      Type: **FIRED**      Reason: **FIRED - INTAKE STATEMENT**
Stmt Nbr: **1**      of: **3**      Stmt of: **Claimant**              Taken: **04-12-2019 12:16:37 PM**

Name: **EVA A ESCOBAR**        Title:
Phone Stmt: **Y**      Claim ID: **2019-04-07**        Claim Dt: **04-07-2019**      Rebuttal: **N**        Footnote: **N**

**Why were you fired? Reason you were given  HARRASSING A COMMITTEE MEMBER**

**Name of the person who told you that you were fired:  MARIO GARCIA**
**Title of the person who told you that you were fired:  HR**
**Did something specific happen that caused you to be fired?_  Y**
**Explanation:  I WAS OVER THE ORGANIZATION WITH BORDER PATROL. AND SUGGESTED OT**
   **HER MEMBERS OF THE COMMUNITY TO GET INVOLVE.JESSICA LENBARK GOT ALL THE SPONS**
   **ORS AND SHE WENT TO A SPONSOR AND HARRASSED THE SPONSOR. AND I WENT TO MS**
   **LENBARK TO CONFRONT HER ABOUT HER HARRASSING THE SPONSOR. TOLD ME TO GIVE A S**
   **TATEMENT OF WHAT I SAID TO MS LENBARK. MY BOSS SAID THAT I WAS UNPROFESSIONAL**
   **ON THE WAY I HANDLED THE SITUATION.**
**Did you have any warnings related to the reason you were given for being fired?   N**
**Explanation:  NO WARNINGS, NEVER WRITEN-UP**
**Did you do what you were warned about?_ _**

―――――――――――――――――――――― END ――――――――――――――――――――――

**\*\*\* No footnote entered \*\*\***

## Benefits – Non-Monetary Determinations
### Fact Finding

SSN: **XXX-XX-0302**        **EVA A ESCOBAR**              Case Nbr: **4**
Issue Nbr: **1**      Type: **FIRED**      Reason: **VIOLATION OF COMPANY RULE(S)/POLICY**
Stmt Nbr: **2**      of: **3**      Stmt of: **Employer**              Taken: **04-22-2019 09:12:24 AM**

Name: **MARIO GARCIA** Title: **INTERIM HR DIRECTOR**
Phone Stmt: **Y**      Claim ID: **2019-04-07**        Claim Dt: **04-07-2019**      Rebuttal: **N**        Footnote: **Y**

**What was reason for separation from work?  UNPROFESSIONAL BEHAVIOR WITH A**
   **VISITOR/CUSTOMER/COMMITTEE MEMEBER.**
**What was reason given to claimant? SAME.**

**12 - A**

Exactly what happened?  SHE WAS THE MANAGER FOR OUR CIVIC CENTER FACILITY. AT
  AN EVENT, SHE HAD A CONFRONTATION WITH ONE OF THE ATTENDANTS, MADE SOME
VERY
  UNPROFESSIONAL AND OFFENSIVE REMARKS THAT WERE VIDEOED BY ANOTHER PERSON.
What was the rule/policy?  THERE IS A PROFESSIONAL CONDUCT REQUIREMENT.
  BOISTEROUS BEHAVIOR, ARGUING W/OTHERS, ETC. DISCIPLINE UP TO TERMINATION.
How/when was rule/policy communicated?  UPON HIRE DURING ORIENTATION AND ALSO
  DURING REFRESHER COURSES.
Aware actions could lead to discharge?  Y
Explain.  I'M SURE SHE WAS AWARE.
Employer action toward others who violated rule/policy?  OTHERS HAVE ALSO BEEN
  DISMISSED.
Rule(s)/policy(s) equally enforced?  Y
Prior warning(s)?  N
If yes, when; by whom; reason(s) for warning(s); written/oral; signed by claimant (if applicable)?  NOT
THAT I'M AWARE OF.
Prior suspension(s)?  N
Progressive disciplinary policy?  N
Was policy followed?  Y
Explain.  THIS CAN BE GROUNDS FOR TERMINATION.
Time lapse between incident and discharge?  Y
If yes, explain.  WE DID AN INVESTIGATION, GATHERED STATEMENTS, SO IT WAS
  ABOUT A WEEK BETWEEN FINAL INCIDENT AND HER BEING LET GO.

———————————————————————— END ————————————————————————
FINAL INCIDENT: SHE SAID THIS WAS MY ****** FACILITY AND I'LL DO WHAT    THE HELL I
WANT TO.  SHE DID NOT HAVE THAT TYPE OF AUTHORITY.  THE GUEST  WAS FROM ANOTHER
STATE.  THERE WERE OTHER PEOPLE THERE AND THIS WAS      RECORDED BY ANOTHER GUES.
REBUTTAL:  I'M NOT SURE WHY SHE'S SAYING A COMMITTEE MEMBER.  IT'S      POSSIBLE THIS
PERSON WAS A COMMITTE MEMBER.  I DON'T KNOW THE INDIVIDUAL  THAT SHE'S SPEAKING
ABOUT.  WHETHER THERE WAS ANY CONFRONTATION OR NOT,   THERE WAS STILL THE ISSUE
WITH PROFESSIONALISM AND THE LANGUAGE THAT SHE  USED.

13 - A

Benefits – Non-Monetary Determinations
Fact Finding

SSN: **XXX-XX-0302**      **EVA A ESCOBAR**           Case Nbr: **4**
Issue Nbr: **1**     Type: **FIRED**     Reason: **VIOLATION OF COMPANY RULE(S)/POLICY**
Stmt Nbr: **3**     of: **3**     Stmt of: **Claimant**           Taken: **05-01-2019 03:06:46 PM**

Name: EVA A ESCOBAR          Title:
Phone Stmt: **Y**    Claim ID: **2019-04-07**     Claim Dt: **04-07-2019**     Rebuttal: **Y**     Footnote: **Y**

**Exactly what happened?  THE ALLEGATIONS OF ME TELLING THEM I COULD DO THE HELL**
  **I WANT TO DO YES. I TOLD THE CUSTOMER I WAS VERY UPSET I AM NOT GOING TO SIT**
   **THERE AND LIE. WHAT SHE DID SHE WENT TO A SPONSOR THE CITY MADE ME GET FOR ***
**What was the rule/policy?  NO I DO NOT THINK SO**
**How/when was rule/policy communicated?  WE ONLY HAD ONE TIME IN THE 11 YEARS**
  **THAT WE HAD THAT ONE TIME, IT HAD SOMETHING TO WORK WITH THE COMMUNITY\*\*\***
**Aware actions could lead to discharge?  N**
**Explain.  I DID NOT BECAUSE I DID NOT KNOW THIS COULD LEAD TO THIS. I HAD**
  **PUT UP WITH ALOT OF STUFF WITH THE CITY. I HAVE ALWAYS WORKED WITH THE \*\***
**Prior warning(s)?  N**
**Prior suspension(s)?  N**
**Time lapse between incident and discharge?  Y**
**If yes, explain.  I WORKED A WEEK AND A DAY. I FILL OUT AN INCIDENT REPORT**
  **I JUST GOT WITH THE INTERIM HR AND I GOT WITH MY SUPERVISOR. I HAD TOLD HER**
   **WITH THE ENCOUNTER WITH THIS INDIVIDUAL.**

-------------------------------------------------- END --------------------------------------------------
\* HER AND SHE COMES TO MY FACILITY COMING TO INTERFERE AT THE EVENT. I
WAS SITTING AT THE BOARD AND SHE GOT VERY OFFENSIVE TO ME WHEN I TOLD HER
THAT THE SPONSOR WAS WENT THROUGH HER BUSINESS AND ASKED HER FOR SOME
MORE ITEMS THAT WERE NOT TO BE USE BY THE OWNER OF THE BUSINESS. THIS
SPONSOR HAS  BEEN SPONSORING THE EVENT FOR 6 YEARS WITHOUTH CHARGING ANY
DEPOSIT OR FEE. I SAID TO HER TO JESSICA DO NOT BE THROWING STUFF AROUND I GOT
THIS    SPONSOR TO HELP THE CITY. I SAID I CAN GET YOU THE HECK OUT OF HERE AND
THE EVENT IS NOT UNTIL TOMMORROW. SHE WENT ON AND ON AND SAYING I HAD NO
BUSINESS. I TOLD HER I WAS THE DIRECTOR AND I NEEDED TO KNOW THESE THINGS.
I SAID THIS WAS MY DAM FACILITY AND I WAS RUNNING THE WAY I WAS SUPPOSED  TO
RUN IT. I SAID I WAS IN MANY ORGANIZATIONS I WAS NOT GOING TO GIVE     FAVORTISM
TO HER.          I TOLD HER I WAS NOT GOING TO RUIN WHAT I HAD
BUILT WITH THE COMMUNITY.   I SAID YOU EITHER LIKE IT OR DO NOT LIKE IT.
THE PERSON WAS A COMMITTEE MEMBER WHO WAS VOTED BY CITIZENS. VOTED BY
THE COMMITTEE AND THE BORDER PATROL. SHE WAS A VOLUNTEER LET ME SAY.
SHE MADE THE COMPLAINT TO THE CITY  OUR CITY MANAGER THAT I WAS VERY RUDE
AND I HAD CALLED HER RACIST. I DID NOT.

**14 - A**

EARLY PART OF LAST YEAR IT WAS NOT CONDUCT JUST TRYING TO REFRESH THE
DO'S AND THE DON'TS BUT NOTHING DIRECTLY. WE WERE SUPPOSED TO HAVE A FOLLOW
UP 3 OR 4 WEEKS LATER BUT WE NEVER DID.

15 - A

# Employer Response to Notice of Application for UI Benefits

SSN: **XXX-XX-0302**    **EVA A ESCOBAR**
Claim Date: **04-07-2019**    Claim Type: **IC**   PGM: **REG**    Claim ID: **2019-04-07**

|  |  |
|---|---|
| Employer: | **99-992228-7   DEL RIO - CITY OF** |
| Correct Last Employer: | **Y** |
| Monetarily Eligible: | **Y** |
| Source: | **Internet** |

|  |  |
|---|---|
| Notice Sent: | **04-15-2019** |
| Due: | **04-29-2019** |
| Claimant Separation Reason: | **FIRED** |

|  |  |
|---|---|
| Responded: | **04-18-2019** |
| Response Type: | **Internet**    Confirmation #:    **0418SYS0302** |
| Employer Separation Reason: | **FIRED** |
| TWC Action: | **ROUTE ONLY** |
| Current Investigator: | **FRANCISCO CASTILLO** |

## Employment Information

|  |  |  |  |
|---|---|---|---|
| Date Range Worked: | **04-02-2008** | Thru | **04-08-2019** |
| Gross Wages Earned: | | | |

-----------------------------------------------------------------------

|  |  |  |  |
|---|---|---|---|
| Wages In Lieu Of Notice: | **N** | Paid Thru: | |
| On Temporary Layoff: | **N** | Recall Date: | |
| Paid Vacation Days: | **N** | Paid Thru: | |

|  |  |  |  |
|---|---|---|---|
| Responder's Name: | **MARIO GARCIA** | TWC Account: | **999922287** |
| Responder's Title: | **INTERIM HR DIRECTOR** | Phone: | **(830) 774-8552** |
| Contact Person: | | Phone: | |

------------------------------ Additional Information Regarding Separation ------------------------------

---------------------- Work Separation Reason - Fired ----------------------
Why Did You Fire The Applicant?
UNPROFESSIONAL BEHAVIOR WITH A VISITOR/CUSTOMER/COMMITTEE MEMBER, GROSS MISCONDUCT NOT CONDUCIVE OF A MANAGER IN THE POSITION OF A CITY PUBLIC FACILITY.
Who Fired The Applicant?
Name:   MARIO GARCIA
Title:   INTERIM HR DIRECTOR
Phone:   (830)774-8552   Ext:
Was There A Final Incident That Led To Firing?    Y      Explanation Below:
VIDEOED EVIDENCE OF THIS INCIDENT WAS SUFFICIENT FOR THE FIRING

**16 - A**

INCIDENT WAS VIDEOED AND EVIDENCE OF MISCONDUCT BEFORE THE PUBLIC EYES

- - - - - - - - - - - - - - - - - Inadequate Untimely Employer Response - - - - - - - - - - - - - - - - - - - -

|  |  |
|---:|:---|
| Employer Name: | **DEL RIO - CITY OF** |
| Employer ID: | **99-992228-7** |
| Late or Inadequate Response Total: | **0** |

17 - A

## Issue Decision Log

SSN: **XXX-XX-0302**        **EVA A ESCOBAR**
Case Nbr: **4**
Issue Nbr: **1**     of: **1**     Type: **FIRED**     Reason: **VIOLATION OF COMPANY RULE(S)/POLICY**

Program: **REG**    Claim ID: **2019-04-07**     Claim Type: **IC**   Claim Dt: **04-07-2019**

LEU: **99-992228-7    DEL RIO - CITY OF**
Late LEU Response: **N**     Interested Party: **Y**                    Charged: **No**

Other Employer:

|  |  |  |  |
|--|--|--|--|
| Decision Date: | **04-30-2019** | Weeks Disqualified: | |
| Mailed Date: | **05-01-2019** | Deductible Amount: | |
| Begin Date: | **04-07-2019** | State: | |
| End Date: | | Incident Date: | |
| Claimant Failed to Respond: | **Y** | | |

Qualified:  **N**

Rationale: **CLMT DID NOT RESPOND TO CALL IN MESSAGE, CREDENCE     TO EMPLOYER AS STATES VIOLATION OF POLICY          NEW INFO RECVD 05-01-19 NO CHNGE IN DCSN MSCT ESTBLSH**

Conclusion: **FIRED-VIOLATION OF COMPANY RULES AND POLICIES-DISQUALIFIED**

**18 - A**

_____1_____ Total Pages (incl. cover)

# LORRM Document Request:

☒ No Records Found

☐ Sides Response -NPD

☐ Unable to Locate Paper Records

19 - A

# Fax

---

**Date:**       5/14/2019

**To:**         5124751135
**From:**       Jose Angel Olivas

**Subject:**    Eva A Escobar Appeal 05/14/2019 15:00

-----Original Message-----
From: Del Rio Toshiba [mailto:it@mrgdc.org]
Sent: Tuesday, May 14, 2019 3:00 PM
To: jose.olivas@mrgdc.org
Subject: Send data from MFP12112531 [Jose O_FILE&E-MAIL] 05/14/2019 15:00

Scanned from MFP12112531
PUBLIC TEMPLATE GROUP
Jose O_FILE&E-MAIL
Date:05/14/2019 15:00
Pages:3
Resolution:600x600 DPI
-----------------------------------------

20 - A

# TEXAS WORKFORCE COMMISSION
# APPEALS FAX TRANSMITTAL COVER

DATE:  5 - 14 - 19

TO:  Appeals

FAX
NUMBER:  512-475-1135

FROM:  Local Office #0247 Del Rio

[X] Office is not a claims taking point

PERSON SENDING FAX/USER ID:  DR 2

PHONE:  830-774-4741

FAX
NUMBER:  830 775-4550

Total number of pages (including cover):  3

CLAIMANT NAME:  Eva A Escobar

CLAIMANT SSN:  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

CASE/ISSUE NUMBER:  4 / 1     IC DATE:  4 - 7 - 19

[ ]  Special assistance requested in appeal

Documents(s) Faxed:

[X]  A4/handwritten appeal (countersigned and dated)

[ ]  Supporting documents

No supporting documents were faxed because:

[X]  There are no supporting documents

[ ]  Supporting documents cannot be found

21 - A

# TEXAS WORKFORCE COMMISSION
## NOTICE OF APPEAL

*Complete a Notice of Appeal form for each determination or decision you want to appeal*

**Social Security Number:**  (Required)   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

**Employer's Account Number:**   99-992228-7

**Claimant's Name and Address**

| First | Middle | Last |
|---|---|---|
| Eva | Ann | Escobar |

Mailing Address:  98 Summit Ave

| City | State | Zip Code |
|---|---|---|
| Del Rio | TX | 78840 |

Telephone Number   830-719-1878

**Employer's Name and Address**

Employer's Name:   City of Del Rio

Mailing Address:   109 W Broadway

| City | State | Zip Code |
|---|---|---|
| Del Rio, TX | | 78840 |

Telephone Number   831-774-8530

I am the: ☑ **CLAIMANT**        ☐ **EMPLOYER**   (check one)

I appeal the determination dated: **May 1, 2019**        (Optional: attach copy)

I appeal the Appeal Tribunal decision dated: _____ appeal# _____   (Optional: attach copy)

☐ I understand that I should continue filing my UI benefit payment requests while my appeal is pending. (if claimant).

I appeal because (If you are filing a late appeal, please explain why.): I feel I was discriminated by the City of Del Rio. There has been other employees that had violated the Personnel policies more than once and are still employed by the city. The complaint was filed by a senor citizen towards the employee. This employee has had several complaints against her.

Please indicate if you need TWC to provide the following for you to participate in a hearing. (check all needed)

☑ I will need to use a TWC phone and fax machine for the hearing.

☐ I will need an interpreter.  Language: _____

Signature: Eva Ann Escobar        Date: may 14, 2019

TWC Rep. Jose Angel Olivas

TWC Rep. Signature Jose Angel Olivas        Date: 5-14-19

Office # / location: 0276        (must be countersigned if filed in person)

Received 5/14/2019 3:04:14 PM [Central Daylight Time] in 02-16 on line [2] for: Appeals Tribunal - Pg 4 / 4  1:04pm   p. 4   of 4

22 -A

1252      938-1 C10915

UI Support & Customer Service
TEXAS WORKFORCE COMMISSION
PO BOX 370040
EL PASO TX 79937-0040

# DETERMINATION ON PAYMENT OF UNEMPLOYMENT BENEFITS
## Date Mailed:   May  1, 2019

EVA A ESCOBAR
98 SUMMIT AVE
DEL RIO TX 78840-7671

**Social Security Number:** XXX-XX-0302
**Employer:** DEL RIO - CITY OF
**As:**
**Employer Account No:** 99-992228-7
All dates are shown in
month-day-year order.

**Issue:** Separation from Work
**Decision:** We cannot pay you benefits.
**Reason for Decision:** Our investigation found your employer fired you for violation of company rules and policies. This is considered misconduct connected with the work.
**Beginning Date of No Payment Period (Disqualification):** 04-07-19
**What you can do:** You can request that we end this disqualification if you return to employment as defined in the Texas Unemployment Compensation Act after the beginning date above and:
(a) Work at least 30 hours a week for six weeks, or earn wages equal to six times your weekly benefit amount; and
(b) provide TWC with proof of your work or earnings and request that we end the disqualification.
You can fulfill the work or earnings requirements while you continue to work part time. However, if you are no longer working, you must have a qualifying separation from your last job.
**Law Reference:** Section 207.044 and Subchapter D, Section 201 of the Texas Unemployment Compensation Act.

We will not bill the employer's account.

If you disagree with this decision, you may appeal.  Submit your appeal by mail, fax, online, or in person at any Texas Workforce Solutions office, on or before   05-15-19

TWC will use the postmark date, or the date we receive the fax or online form, to determine whether you submitted your appeal on time.  If you appeal by fax, you should keep your fax confirmation as proof you sent it.   Please include a copy of this determination notice with your appeals correspondence.

If you receive multiple determination notices, you must appeal each determination separately.

Mail the appeal to:                          Appeal Tribunal

                                                      Texas Workforce Commission

You may appeal by submitting

**Attachment 7 - Civil Cover Sheet & Instructions**

JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| *Eva Escobar* | *Esmeralda Mario Garcia, mora, matt Wosicnoski City manager* |

| (b) County   Residence of First Listed Plaintiff  *Val Verde* | County of Residence of First Listed Defendant  *Val Verde* |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| *N/A* | *Suzanne West* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☑ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                     and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*                                    Click here for:

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☑ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: |
|---|---|
| | Brief description of cause: *Age Discrimination* |

| VII. REQUESTED IN COMPLAINT: | ☑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | DEMAND $ *$750,000* | CHECK YES only if demanded in complaint: JURY DEMAND:  ☐ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Rev. Ed. October 26, 2017

45