THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

**FILED**

OCT 0 2 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| EVA ANN ESCOBAR, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Case No. DR-20-CV-0031-AM |
| | § | |
| CITY OF DEL RIO, MARIO GARCIA, | § | |
| ESMERALDA MEZA, and MATT | § | |
| WOJNOWSKI, | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Report and Recommendation by the Honorable Victor R. Garcia, United States Magistrate Judge. (ECF No. 11.) The Court referred all pretrial matters to Magistrate Judge Garcia under 28 U.S.C. § 636. As part of that referral, Magistrate Judge Garcia recommends that the Plaintiff's complaint be dismissed with prejudice. The Plaintiff filed timely objections. (ECF Nos. 9, 10.) Upon a de novo review of the record, the Court **APPROVES and ADOPTS** the findings and conclusions contained in the Report and Recommendation.

## I.      BACKGROUND

Plaintiff Eva Ann Escobar, proceeding *pro se* and *in forma pauperis* ("IFP"), sued the City of Del Rio, Mario Garcia (the Human Resources Director for the City of Del Rio), Esmeralda Meza (the Community Services Director for the City of Del Rio), and Matt Wojnowski (the former City Manager for the City of Del Rio) (collectively, "the Defendants"), claiming a violation of her rights under the of the Age Discrimination in Employment Act ("ADEA"), codified at 29 U.S.C. § 621 *et seq*. (ECF No. 1.) The complaint alleges she was employed by the City of Del Rio as the Convention Center Manager from April 2008 until her termination on April 8, 2019. The Plaintiff was 58 years old when her employment ceased. Allegations and attachments from the complaint

show she filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on January 2, 2020, and the EEOC issued a Dismissal and Notice of Rights on January 9, 2020.  On April 14, 2020, the Plaintiff filed the above complaint, a motion to proceed IFP, and a motion to appoint counsel.  (ECF Nos. 1, 2, 3.)

The matter was referred to Magistrate Judge Garcia, who denied without prejudice the motion to appoint counsel and entered an Order to Show Cause pursuant to 28 U.S.C. § 1915 that required the Plaintiff to show why her complaint should not be dismissed with prejudice.  (ECF Nos. 5, 6.)  The Order to Show Cause cited the required 90-day period to file suit under 29 U.S.C. § 626(e) and explained that the Plaintiff filed outside the period, on the 91st day.  (ECF No. 6.) The Plaintiff filed timely responsed to the Order to Show Cause [ECF Nos. 9, 10], and on May 28, 2020, Judge Garcia entered the pending Report and Recommendation (hereinafter "the Report").  (ECF No. 11.)

The Report recommends that the Court dismiss with prejudice the Plaintiff's complaint on two separate bases.  First, as to the claims against Garcia, Meza, and Wojnowski, all of whom performed supervisory roles, "the ADEA provides no basis for individual liability for supervisory employees."  *Id.* (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 651 (5th Cir. 1996) *and* citing *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001)).  Thus, the claims against individual Defendants Garcia, Meza, and Wojnowski should be dismissed.  (*Id.*)  The Report noted that the Plaintiff agreed with this recommended finding.  (*Id.*)  Second, as to claims against all Defendants, the Plaintiff is time-barred because she filed suit outside the required 90-day period pursuant to 29 U.S.C. § 626(e).  The Report considered the Plaintiff's request that the Court apply equitable tolling, which would extend the 90-day filing period, and recommended that tolling not be granted.  In making this recommendation, the Report disagreed with the Plaintiff's stated

2

reasons to apply tolling—that she served as the primary caregiver for ill and elderly and parent, and a COVD-19 emergency order of the Texas Supreme Court.

Following the Report, the Plaintiff filed timely objections. (ECF No. 14.) As background, the Plaintiff agrees with the Report that she filed an administrative complaint with the EEOC on January 2, 2020, and that she received the EEOC's Dismissal and Notice of Rights on January 14, 2020. She also acknowledges that she filed the complaint on April 14, 2020. As to the Report's recommended findings, she accepts that "the limitation to file is 90 days," and that she filed her suit "one day late." In any event, she objects to the dismissal of her case and asks this Court to consider that February 2020 had 29 days, which caused her to file one day late. The Plaintiff does not contest the Report's recommendation that caring for her elderly parent and the COVID-19 emergency are insufficient reasons to allow equitable tolling. The Court provides its analysis below.

## II.    APPLICABLE LAW

### A.  De Novo Review

When a party files an objection to any portion of a magistrate judge's report and recommendation, the district court must undertake a "de novo" review of the conclusions to which the party properly objects. FED. R. CIV. P. 72(b)(3); 28 U.S.C. § 636(b)(1). When conducting a de novo review, the district court independently analyzes the applicable facts and legal standards without deference to the magistrate judge's findings. *See United States v. Raddatz*, 447 U.S. 667, 689–90 (1980) (articulating the definition of "de novo"). The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Garcia v. Boldin*, 691 F.2d 1172, 1179 (5th Cir. 1982). To initiate de novo review, however, the party filing objections must first specifically identify the findings objected to—district courts need not review

objections that are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

## B.  28 U.S.C. § 1915 Screening Standard

The filings of *pro se* litigants are "'to be liberally construed," and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even so, pursuant to 28 U.S.C. § 1915(e)(2), district courts are required to dismiss a complaint "at any time . . . (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Although Section 1915 refers to the assets of a "prisoner" in certain subsections, it also applies to the claims of non-prisoner plaintiffs proceeding with IFP status.  *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (per curiam).

A dismissal made under § 1915(e)(2)(B)(ii) for failure to state a claim is reviewed under the same standard employed for a Rule 12(b)(6) motion to dismiss under the Federal Rules of Civil Procedure.  *Id.* at 231.  Thus, to survive a screener under § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court's task is to determine whether a plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Lone Star Fund V (US), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, quotations, and alterations omitted); *accord Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 696 (quoting *Twombly*, 550 U.S. at 557). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . ." *Twombly*, 550 U.S. at 555. That is, there must be "a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'shown' that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

When determining whether a claim is properly stated, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Court cannot, however, "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotation marks omitted).

### III.   ANALYSIS

## A.  ADEA Claims against Garcia, Meza, and Wojnowski

The ADEA prohibits an employer from discharging or otherwise discriminating against any individual because of one's age. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013). "It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate

against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age . . ." 29 U.S.C. § 623(a). The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees . . . " and a "person" as "one or more individuals, partnerships, associations, labor organizations, corporations, business trusts, legal representatives, or any organized groups of persons." *Id.* at § 630(a)-(b); *see also Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). Because of how the ADEA defines "employers," the Fifth Circuit has held that "the ADEA provides no basis for individual liability for supervisory employees." *Stults*, 76 F.3d at 651; *see also Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (affirming the dismissal of ADEA claims asserted against individual defendants).

There is no factual or legal dispute that the Plaintiff's claims against Garcia, Meza, and Wojnowski should be dismissed. The Report recommended, and the Plaintiff agrees, that these three defendants do not meet the ADEA's definition of an "employer." Thus, the Plaintiff cannot hold Garcia, Meza, or Wojnowski individually liable under the ADEA. Accordingly, the Court adopts the Report's recommendation and dismisses with prejudice all claims asserted against the three individual defendants.

## B. ADEA Claims against All Defendants

As with several other employment discrimination statutes, the ADEA requires exhaustion of administrative remedies as a precondition to filing suit. 29 U.S.C. § 626(d); *accord Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) ("Although filing of an EEOC charge is not a jurisdictional prerequisite, it is a precondition to filing suit in district court.") (quotations omitted). If a plaintiff waits on a right-to-sue notice from the EEOC before filing suit, they must file suit within 90 days of receiving the notice. 29 U.S.C. § 626(e); *Julian v. City of Houston*, 314

6

F.3d 721, 726 (5th Cir. 2002).   The 90-day limit begins on the day the right-to-sue letter was received, not the day it was sent.   *Taylor*, 296 F.3d at 379.   Notably, the Fifth Circuit has repeatedly held that the requirement to file a lawsuit within the 90-day limit is strictly construed.   *Id.*; *Duron v. Albertson's LLC*, 560 F.3d 288, 289 n.1 (5th Cir. 2009); *see also Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (filing 92 days after delivery to plaintiff's designated counsel of the right-to-sue letter held untimely); *Orphey v. Jefferson Par. Hosp. Dist. No. 1*, 247 F. App'x 582, 583 (5th Cir. 2007) (per curiam) (unpublished) (finding plaintiff's suit filed after 91 days, when one of the days included a federal holiday, is untimely).

The following relevant facts are undisputed: the Plaintiff filed a timely administrative complaint with the EEOC for her employment termination on January 2, 2020; she received the EEOC's Dismissal and Notice of Rights on January 14, 2020; and she filed her complaint alleging ADEA claims before this Court on April 14, 2020—ninety-one (91) days after receiving the Dismissal and Notice of Rights.

In her objections to the Report, the Plaintiff contends that her case should not be dismissed because February 2020 had 29 days, thus there was one additional day between the date of her notice to sue (January 14, 2020) and the date she filed suit (April 14, 2020).[1]   Essentially, the Plaintiff asks for leniency because she did not know that 2020 was a leap year.   Because the Plaintiff accepts that she filed outside the 90-day limit, it is unclear whether she asks the Court to relax the statutory limit under some judicial discretion, or whether the Court should apply equitable tolling to allow the claim to proceed.   In any case, the Plaintiff's claims fail.

The Court cannot exercise judicial discretion to extend the 90-day limit period under 29 U.S.C. § 626(e), absent tolling.   As provided above, the Fifth Circuit strictly construes the 90-day

---

[1] The Plaintiff does not reassert the reasons outlined in her response to the Order to Show Cause, so the Court does not address those reasons here.

limit and has dismissed suits filed 91 days and 92 days after plaintiffs receive notice. *See, e.g.*, *Taylor*, 296 F.3d at 379-80 (affirming dismissal of suit filed 91 days after plaintiff received notice); *Prophet v. Armco Steel, Inc.*, 575 F.2d 579, 580 (5th Cir. 1978) (affirming dismissal of suit filed 92 days after plaintiff received notice). Further, the Court need not consider any argument of how to apply the 90-day limit when the last day falls on a weekend or federal holiday. The day the Plaintiff filed, April 14, 2020, happened to be a Tuesday, meaning the day by which she had to file, April 13, 2020 (a Monday), the Court was open to the public. Thus, the Court cannot and will not exercise any sort of judicial discretion to extend the 90-day limit.

The Court will also not apply equitable tolling to extend the Plaintiff's filing period. The 90-day limit is not jurisdictional and may be tolled if equitable tolling is appropriate. *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010); *see also St. Louis v. Tex. Worker's Compensation Comm'n*, 65 F.3d 43, 47 (5th Cir. 1995). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (per curiam) (internal quotation omitted). "Equitable tolling is to be applied "sparingly[,]" *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (quotation omitted), and only in "rare and exceptional" circumstances. *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quotation omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotation omitted)). Determining whether a limitations period should be equitably tolled is a "fact-specific, discretionary matter." *Granger*, 636 F.3d at 712.

There are several, non-exhaustive criteria to identify situations where equitable tolling may be justified. Courts have considered: (a) whether the EEOC provided adequate notice of the complainant's right to sue; (b) whether a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted on; (c) whether a court itself has led the plaintiff to believe that they have done everything required of them; (d) and whether affirmative misconduct on the part of the defendant lulled the plaintiff into inaction. *St. Louis*, 65 F.3d at 47-48 (discussing factors identified in *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Courts have also considered whether: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of [plaintiff's] rights." *Granger*, 636 F.3d at 712 (quotation omitted). In assessing the tolling factors, plaintiffs bear the burden of proving justification for equitable tolling. *Id.*

The Plaintiff's purported reason to apply equitable tolling, that there were 29 days in February 2020, does not meet her burden because it does not satisfy any of the tolling factors. She was not actively misled by any of the Defendants, the EEOC, or the Court about her filing deadlines. In fact, she confirms in her complaint, response to the Order to Show Cause, and objections to the Report that she received EEOC's Dismissal and Notice of Rights on January 14, 2020. (ECF Nos. 1, 9, 10, 14.) And in her response and objections, she acknowledges that a 90-day limit applies to her claims. (ECF Nos. 9, 10, 14.) The onus is on the Plaintiff as the filing party to be apprised of relevant filing deadlines. That she did not know there were 91 days between the date she received notice of the right to sue (January 14, 2020) and the date she filed (April 14, 2020) does not bear any weight. The Plaintiff was also not otherwise lulled into inaction

9

through misconduct, erroneous representations, concealment, or any other measure.  She was afforded a 90-day period *within* which to file suit.  That is, she was not required to file on day 90 and could have filed on any day leading up to April 13, 2020.  That she waited to what she believed was her last day to file is a result of her own action.  Put simply, the Plaintiff's reason is inadequate to equitably toll the 90-day limit.  *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010) (holding equitable tolling should be applied to "a garden variety claim of excusable neglect.")  Because the Plaintiff's suit was untimely filed and equitable tolling does not apply, the complaint is dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

## IV.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Magistrate Judge Garcia's Report and Recommendation [ECF No. 11] is **APPROVED** and **ADOPTED**.  Accordingly, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.  It is further **ORDERED** that the Clerk of Court shall administratively close this cause of action.

SIGNED and ENTERED on this 2nd day of October 2023.

ALIA MOSES
Chief United States District Judge